

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00200-CR

Fred Douglas **HARRIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 599480
Honorable Wayne A. Christian, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
             Irene Rios Justice
             Beth Watkins, Justice

Delivered and Filed: May 22, 2019

DISMISSED

Fred Douglas Harris entered into a plea bargain with the State, pursuant to which he pled nolo contendere to possession of marijuana. The trial court imposed sentence and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Harris timely filed a notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a record of the plea hearing, has been filed. *See* TEX. R. APP. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and does not indicate the trial court gave Harris permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Having reviewed the clerk's record, we conclude the trial court's certification accurately states that this is a plea bargain case and Harris does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

On April 8, 2019, we gave Harris notice that the appeal would be dismissed unless he filed a written response establishing he has a right of appeal or caused an amended trial court certification stating he has the right to appeal to be made part of the appellate record by April 25, 2019. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Harris did not file a response to our order and an amended certification showing he has the right to appeal has not been filed. We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

Do not publish